## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SARA A. WALSTON,**<br>1104 Olney Drive<br>Columbus, Ohio 43227,<br><br>Plaintiff,<br><br>v.<br><br>**DYCK-O'NEAL, INC.**<br>3100 Monticello Avenue, Suite 650<br>Dallas, Texas 75205,<br><br>Defendant. | **CASE NO.**<br><br>**JUDGE**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### COMPLAINT FOR MONEY DAMAGES AND DECLARATORY RELIEF

The following allegations are based upon Plaintiff Sara A. Walston's (hereinafter, "Plaintiff") personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

### INTRODUCTION

1. This matter arises from Defendant Dyck-O'Neal, Inc.'s unlawful efforts to collect and enforce an extinguished, time-barred debt, and from its failure to properly respond to Plaintiff's Qualified Written Request under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq. The statute of limitations to enforce the note expired no later than December 29, 2021. Despite that, Dyck-O'Neal continues to claim the right to foreclose and has recently demanded payment, clouding title to Plaintiff's home.

### JURISDICTION

2. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. 2614, and 28 U.S.C. §§ 1331 and 1337.

1

3.  This Court has subject matter jurisdiction over Counts Two and Three under 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

4.  This Court has supplemental jurisdiction over Count Four pursuant to 28 U.S.C. § 1367, as it arises under the Ohio Residential Mortgage Lending Act ("RMLA") and Ohio law.

5.  This Court has subject matter jurisdiction over Count Five pursuant to TILA, 15 U.S.C. § 1640(e), and 28 U.S.C. §§ 1331 and 1337.

6.  The Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the loan at issue was incurred within this District, and the property which is the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

7.  Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and the property is located in this judicial district.

**PARTIES**

8.  Plaintiff Sara A. Walston is a natural person and record owner of 1104 Olney Drive, Columbus, Ohio 43227.

9.  At all relevant times, Plaintiff was and is a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

10. At all relevant times, Plaintiff was and is a "borrower" within the meaning of RESPA.

11. Defendant Dyck-O'Neal, Inc. is a corporation organized under the laws of the United States of America with its principal place of business in Texas and acting as a debt collector engaged in servicing and collecting default mortgage debt.

12. At all relevant times, Defendant was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

13. At all relevant times, Defendant was and is a loan "servicer" of the subject "federally related mortgage loan" within the meaning of those terms in RESPA respectively at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

14. At all relevant times, Defendant was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

15. At all relevant times, Plaintiff was and is a "borrower" within the meaning of the RMLA at O.R.C. § 1322.01(G).

16. At all relevant times, Plaintiff was and is a "buyer" within the meaning of the RMLA at O.R.C. § 1322.01(I) as the term "includes an individual whose mortgage loan is serviced by a mortgage servicer."

17. At all relevant times, Defendant was and is a "mortgage servicer" within the meaning of the RMLA at O.R.C. § 1322.01(BB).

18. At all relevant times, Defendant was and is a "person" within the meaning of the RMLA at O.R.C. § 1322.01(EE).

**FACTUAL ALLEGATIONS**

19. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

20. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

21. In or around October 1995, Plaintiff purchased the real property located at 1104 Olney Drive, Columbus, Ohio 43227 (the "Property").

22. Plaintiff also executed a mortgage and note in favor of Option One Mortgage Corporation.

23. In or around 2002, the Property was the subject of a foreclosure action.

24. In connection with the 2002 foreclosure proceedings, the entire unpaid balance was declared immediately due and payable, thereby accelerating the loan.

25. Plaintiff filed Chapter 13 bankruptcy in or around 2007, which was later converted to Chapter 7.

26. Plaintiff obtained a bankruptcy discharge order.

27. Plaintiff's discharge eliminated personal liability on the note.

28. Unfortunately, in or around 2009, Plaintiff received a sheriff's sale notice.

29. As a result, Plaintiff vacated the Property after the sheriff's sale was scheduled.

30. Defendant completed an appraisal.

31. Defendant filed proof of publication.

32. Defendant issued a notice of sheriff's sale.

33. In reliance on the scheduled sheriff's sale, Plaintiff vacated the Property and moved out of her home.

34. No sheriff's sale ever occurred as to the Property.

35. In or around 2010, Plaintiff received a letter from Defendant demanding she call regarding the alleged debt.

36. Plaintiff did not receive a mortgage statement from Defendant.

37. Plaintiff contacted Defendant and was told Defendant would not take the Property.

38. Plaintiff notified Defendant that she did not live at the Property.

39. Plaintiff notified Defendant that all personal belongings from the Property were in storage.

40. Plaintiff remained the title owner of the Property, despite vacating it.

41. No lender, servicer, or successor ever took possession of the Property.

42. Plaintiff continued to ensure the Property was maintained and secured.

43. Plaintiff's life was significantly disrupted as a result of the abandoned foreclosure process.

44. Despite the bankruptcy discharge, the abandoned foreclosure, and the passage of time, Defendant sent multiple letters demanding payment.

45. Defendant sent multiple letters threatening foreclosure, even though the debt had been discharged in bankruptcy and the judgment was time-barred.

46. Following Plaintiff's bankruptcy discharge, Defendant continued to assert that the entire balance remained due, thereby accelerating the loan.

47. Despite sending letters, Defendant did not send mortgage statements.

48. Plaintiff still has not received a mortgage statement.

49. Plaintiff's counsel sent a Qualified Written Request "("QWR") and Notice of Error on or about June 4, 2025 ("June Letter") under 12 U.S.C. § 2605(e), requesting the full servicing file, payment history, acceleration history, and note-owner information.

50. In the QWR, Plaintiff specifically requested all documents reflecting any acceleration of the loan, including but not limited to notices of default, notices of acceleration, and demands for full payment.

51. The letter further requested the complete servicing file, the full payment history, all communications relating to enforcement of the note and mortgage, and identification of the current note holder.

52. On or around June 16, 2025, Defendant, through counsel, acknowledged receipt of the QWR and Notice of Error.

53. Despite acknowledging receipt of the QWR, Defendant failed to provide the requested acceleration documents.

54. Defendant also failed to provide a complete payment history.

55. Defendant additionally failed to provide the identity of the note holder.

56. As a result, Plaintiff has incurred attorney fees, stress, and the inability to sell or refinance her home because of the cloud on title maintained by Defendant's unenforceable mortgage claim.

### COUNT ONE – RESPA - QWR

57. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

58. The June Letter is a "qualified written request" as that term is defined in 12 U.S.C. § 2605(e)(1)(B).

59. Defendant's actions defined herein constitute violations of RESPA, 12 U.S.C. § 2601, et seq.

60. By failing to conduct an investigation of the mortgage after receiving the June Letter, Defendant violated RESPA, including pursuant to 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.36(d).

61. By failing to provide Plaintiff with the information she requested in the June Letter, Defendant violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

62. By failing to provide Plaintiff with an adequate explanation or clarification about why Defendant could not provide the information requested in the June Letter, Defendant violated RESPA and Regulation X, including pursuant to R.C. 12 U.S.C. § 2605(e)(2)(C) and 12 C.F.R. § 1024.36(d).

63. As a result of Defendant's actions, Plaintiff suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

64. As a result of Defendant's actions, Plaintiff has incurred actual damages, including but not limited to, all costs and expenses associated with preparing and sending the June Letter, loss of profit from the sale of the Property, costs associated with the Property, as well as loss of equity.

65. Defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA, including those as set forth in 12 U.S.C. § 2605 and Regulations X at 12 C.F.R. § 1024.36(d).

66. Defendant is liable to Plaintiff for damages, including but not limited to her actual damages to be determined at trial, including pursuant to 12 U.S.C. § 2605(f)(1)(a), statutory damages in an amount of at least $2,000.00 for each violation, including pursuant to 12 U.S.C. § 2605(f)(1)(B), the cost of this action and attorney fees, including pursuant to 12 U.S.C. § 2605(f)(3), and other relief as this Court deems just and necessary.

### COUNT TWO – DECLARATORY RELIEF

75. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

76. A justiciable controversy exists between Plaintiff and Defendant as to whether the mortgage and note are legally enforceable.

7

77. The note is time-barred under R.C. § 1303.16(A).

78. Because the note cannot be enforced, the mortgage is void and unenforceable as a matter of law.

79. Despite this, Defendant continues to claim an interest and threaten foreclosure, creating a present cloud on title.

80. Plaintiff is entitled to declaratory judgment establishing that the mortgage and note are unenforceable and that title to the Property is quieted in her favor.

81. Plaintiff requests this Court declare the note and mortgage unenforceable and void.

82. Plaintiff requests this Court order release of the mortgage of record and award costs and attorney fees.

### COUNT THREE – QUIET TITLE

75.  Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

76. Plaintiff is the owner of the Property in fee simple.

77. Plaintiff obtained title to the Property by means of a Limited Warranty Deed recorded on or about October 24, 1995.

78. Plaintiff is a person in possession of the Property pursuant to O.R.C. § 5303.01.

79. Defendant may claim an interest, lien, or estate in the Property that is adverse to Plaintiff by virtue of the alleged mortgage and note.

80. Any interest, lien, or estate in the Property claimed by Defendant is barred by the reasons discussed in this Complaint.

81. Any interest, lien, or estate in the Property claimed by Defendant is barred because it is not a person entitled to enforce the note.

8

82. Defendant's failure to release the mortgage creates a cloud on title of the Property.

83. Any further action to enforce the mortgage and note is barred for reasons stated in this Complaint.

84. Plaintiff seeks declaratory relief on any lien by virtue of the mortgage and quieting title in accordance with O.R.C § 5303.01 with respect to this debt.

85. Plaintiff is entitled to an order from this Court quieting the title to the Property in Plaintiff's favor as to any lien of Defendant or its predecessors or successors and the recording of such an order with the Franklin County Recorder's Office.

### COUNT FOUR – VIOLATIONS OF RMLA

86. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

87. At all relevant times, Defendant was and is subject to the RMLA, O.R.C. § 1322.01 et seq.

88. Defendant's actions discussed herein violate the RMLA at O.R.C. § 1322.01 et seq.

89. By making false and misleading material statements, Defendant violated the RMLA, including pursuant to § O.R.C. 1322.40.

90. By engaging in conduct that constitutes improper, fraudulent, or dishonest dealings, Defendant violated the RMLA, including pursuant to O.R.C. § 1322.40(C).

91. As a result of Defendant's actions, Plaintiff has incurred actual damages, including but not limited to all costs associated with filing this cause of action, alleged loss of equity, and improperly charged fees and interest.

92. Defendant is liable to Plaintiff for damages, including but not limited to her actual damages to be determined at trial, including pursuant to O.R.C. § 1322.52(A)(1)-(2), punitive damages, including pursuant to O.R.C. § 1322.52(A)(3), the cost of this action and

9

attorney fees, including pursuant to O.R.C. § 1322.52(A)(2), and other relief as this Court deems just and necessary.

## COUNT FIVE – VIOLATIONS OF TILA

93.   Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

94. At all relevant times, Defendant was and is subject to TILA, 15 U.S.C. § 1601, et seq.

95. At all relevant times, Defendant was and is a "servicer" of a residential mortgage loan within the meaning of TILA, 12 C.F.R. § 1026.

96. 12 C.F.R. § 1026.41 requires a servicer to provide the borrower with periodic statements that disclose, among other things, the amount due, the transaction activity, fees, interest, principal balance, and delinquency information.

97. Despite repeatedly sending collection letters and asserting a right to enforce the mortgage, Defendant failed to provide Plaintiff with any period mortgage statements since 2012, as required by 12 C.F.R. § 1026.41.

98. Defendant's conduct violates 12 C.F.R. § 1026.41.

99. As a result of Defendant's actions, Plaintiff has incurred actual damages, including but not limited to confusion regarding the status of her mortgage, inability to determine the accuracy or legitimacy of Defendant's claims, emotional stress, the cost of this action and attorney fees.

100. Defendant is liable to Plaintiff for actual damages, statutory damages, and costs pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff prays the Court grant Plaintiff the following against Defendant:

   a.   Assume jurisdiction of this case;

b. Award Plaintiff maximum damages on all Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

c. Award Plaintiff actual damages to be established at trial, including those pursuant to 12 U.S.C. § 2605(f);

d. Award Plaintiff statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including those pursuant 12 U.S.C. § 2605(f);

e. Issue a judicial determination that the note and mortgage are unenforceable;

f. Issue an order prohibiting Defendant, or its predecessors or successors, from initiating foreclosure proceedings against the Property, attempting to collect on the discharged and time-barred debt, and transferring or assigning any claimed interest in the mortgage;

g. Issue an order quieting title as to any lien or claims by Defendant or its predecessors or successors and mandate the Clerk of Courts to file said order with the Franklin County Recorder's Office, and taxing the costs of this filing to Defendant;

h. Order Defendant to file a release of mortgage;

i. Award Plaintiff additional damages and costs; and

j. Award such other relief as the Court deems appropriate.

Dated: February 26, 2026

Respectfully Submitted,

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)
Sean M. Kohl (0086726)
KOHL & COOK LAW FIRM, LLC
438 E. Wilson Bridge Rd., Ste. 200
Worthington, OH 43085

11

PH (614) 763-5111
FAX (937) 813 6057
andrew@kohlcook.com
sean@kohlcook.com
*Attorney for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)
*Attorney for Plaintiff*

12